**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CRAIG BROWN,

        Plaintiff,

vs.                                                   Case No. 3:18-cv-1148-J-32MCR

FIDELITY NATIONAL TITLE GROUP and
WELLS FARGO BANK,

        Defendants.
_____

## ORDER

Upon review of the file, the Court has determined that the pleadings should be settled before it enters a scheduling order. Accordingly, the parties are relieved from filing a case management report or conducting any discovery until further order. Moreover, from the Court's review of pro se plaintiff's combined response to Wells Fargo Bank's motion to dismiss and his own motion for summary judgment (Doc. 12), it appears plaintiff is raising numerous issues that he would like to include in this litigation that are not in his complaint.

To avoid handling matters on a piecemeal basis, the Court now **terminates** the pending motions (Docs. 6 & 12) and will direct plaintiff to file an amended complaint. The amended complaint must include all the claims plaintiff wishes to litigate in this action; it should not refer back to any earlier filings. Plaintiff is reminded that federal courts are courts of limited jurisdiction and his amended complaint must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a)(1).[1] Plaintiff

---

[1] The Federal Rules of Civil Procedure are available as a link on the Court's website, www.flmd.uscourts.gov. The Court's website also includes a helpful section for litigants

is further advised that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In considering what claims he wishes to raise, plaintiff is advised that the doctrines of res judicata and collateral estoppel may well create a bar to some of the claims in his current complaint. Plaintiff's amended complaint must set forth the nature of his causes of action and how each of the defendants are involved in the alleged wrongdoing. Additionally, Rule 9(b) requires that claims involving fraud or mistake must state with particularity the circumstances constituting fraud. Rule 10(b) states that "all averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances. . . " Fed. R. Civ. P. 10(b). Paragraphs that do not relate to a cause of action may not be incorporated into it. See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (explaining some of this circuit's concerns about complaint drafting, including that a multi-count complaint may not adopt all the allegations of each preceding paragraph, and that in claims with multiple defendants, each defendant must be given notice as to which acts and claims are alleged to apply to each of them). Rule 6(a)(3) requires a complaint include "a demand for judgment for the relief the pleader seeks." Thus, any relief plaintiff seeks from this lawsuit must be included in his amended complaint.

Although the filings of pro se litigants are given some leeway, the Court cannot rewrite plaintiff's pleadings for him. See, e.g., Campbell v. Air Jamaica, Ltd., 760 F.3d 1165, 1168-

---

without lawyers, which plaintiff may wish to consult.

69 (11th Cir. 2014). Plaintiff must therefore put forth his best effort in filing his amended complaint. Plaintiff shall file his amended complaint no later than **February 15, 2019**. Defendants shall respond by **March 8, 2019**.[2] If defendants move to dismiss, plaintiff shall respond to their motions by **April 5, 2019**. Because the Court is not permitting discovery until the pleadings are settled, any motion for summary judgment would likely be deemed premature if filed in advance of the Court's ruling on any motions to dismiss.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of January, 2019.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
pro se plaintiff

---

[2]These dates supersede the Court's earlier Order directing defendant Fidelity National Title Group, Inc., to respond to plaintiff's complaint by January 25, 2019. See Doc. 22.